UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DJEBY SIDIBE,

                      Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT and POLICE
OFFICER FRANK GALIA - Badge No. 24153,

                      Defendants.

------------------------------------------------------------x

ECF Case

**COMPLAINT**

Plaintiff Demands A
Trial By Jury

JUN 2 6 2007

      Plaintiff Djeby Sidibe, by his attorneys Kahn Gordon Timko & Rodriques, P.C., as and for his complaint against Defendants, alleges as follows:

### THE PARTIES

    1.     Plaintiff Djeby Sidibe is a natural person who resides at 5 West 131st Street, New York, New York.

    2.     Upon information and belief, Defendant City of New York (hereinafter "NYC") is a municipal corporation organized and existing pursuant to the laws of the State of New York.

    3.     Upon information and belief, Defendant New York City Police Department (hereinafter "NYPD") was and still is an agency of NYC and subject to its control.

    4.     Upon information and belief, NYPD is a division of NYC organized and existing pursuant to the laws of the State of New York.

    5.     Upon information and belief, Defendant Police Officer Frank Galia

(hereinafter "P.O. Galia"), bears Badge Number 24153 and Tax Registry Number 928388, was and is a duly appointed and acting officer of NYPD.

6. Upon information and belief, at all times hereinafter mentioned, P.O. Galia was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and practices of NYC, NYPD and/or the State of New York.

## JURISDICTION AND VENUE

7. Plaintiff brings this suit for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States and it is an action to redress violation of Plaintiff's civil rights.

8. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over claims in this action with respect to violation of the laws of the state of New York because such claims are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy.

9. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2) because it is the judicial district in which the Defendants have their principal place of business and in which the events or omissions giving rise to Plaintiff's claim occurred.

10. On September 8, 2006, which was within ninety (90) days after the claim herein arose, Plaintiff caused a Notice of Claim, in writing, sworn to and verified, to be served upon NYC and NYPD.

11. At least thirty (30) days have elapsed prior to the commencement of this action since the claim was presented to NYC and NYPD for adjustment and NYC and NYPD have refused adjustment or payment.

12. This action is timely commenced pursuant to Section 50-i(1) of the General Municipal Law of the State of New York.

13. Defendants have failed to request a hearing of the Plaintiff, pursuant to Section 50-h of the General Municipal Law, and has waived same.

14. Plaintiff has, in all respects, complied with all of the statutory prerequisites for the commencement and prosecution of this action.

## The Facts

15. Upon information and belief, at all times hereinafter mentioned, as a member of the NYPD, Defendant P.O. Galia was an agent, employee and/or servant of NYC and was acting within the scope of his employment and authority as a New York City Police Officer.

16. On July 26, 2006, at approximately 4:30 P.M., Plaintiff, a licensed New York City taxi operator, was lawfully present and operating his taxi in the vicinity of West 54th Street and 8th Avenue, City, County and State of New York and more particularly, in front of 200 West 54th Street, when he was "pulled over" by P.O. Galia.

17. At the time P.O. Galia directed Plaintiff to pullover, Plaintiff had passengers in his taxi and P.O. Galia told them to exit the taxi and find another taxi.

18. P.O. Galia then confronted Plaintiff and accused Plaintiff of failing to stop at a red light.

19. When Plaintiff explained that he did not run a red light, P.O. Galia then

accused Plaintiff of failing to yield to pedestrians in an unspecified manner.

20. When Plaintiff sought further information from P.O. Galia about this new accusation, P.O. Galia yelled obscenities at Plaintiff, punched Plaintiff in the face and neck, and told Plaintiff he should go back to his own country.

21. When Plaintiff attempted to call for help, P.O. Galia told Plaintiff that if Plaintiff did so, he would be arrested.

22. P.O. Galia then issued a summons (No. 420515999-7) to Plaintiff charging Plaintiff with failure to yield to pedestrians.

23. Plaintiff was treated at St. Luke's-Roosevelt Hospital Center for the injuries he suffered as a result of being punched by P.O. Galia.

24. Several days later, Plaintiff received an additional summons in the mail (No. 429215217-2) charging him with failure to comply with a lawful order. The envelope in which the ticket was mailed was postmarked July 28, 2006 and the metered stamp on the envelope bore that same date.

25. The latter summons was returnable in the New York City Criminal Court on September 26, 2006. Plaintiff appeared in Court on that date and was told that the summons was dismissed as a result of the failure by NYPD to file a legally acceptable accusatory instrument with the Court.

26. Plaintiff entered a plea of not guilty on the first ticket at the Manhattan Traffic Violations Bureau and learned that the Summons that was dismissed by the Criminal Court was outstanding in that forum.

27. The trial on the summonses took place on January 24, 2007 and Plaintiff

was found not guilty on each summons.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

28.    Plaintiff repeats and realleges Paragraphs "1" through "27" as if fully set forth.

29.    By punching Plaintiff in the face and neck, P.O. Galia assaulted and battered Plaintiff causing him to sustain serious and permanent personal injuries.

30.    The assault and battery were without probable cause or justification.

31.    At the time of the assault and battery upon Plaintiff, P.O. Galia was acting within the scope of his employment and under color of law.

32.    P.O. Galia's assault and battery upon Plaintiff was intentional and/or reckless, negligent and careless in that he did not stop or refrain from using excessive physical force upon the Plaintiff.

33.    Along with the serious permanent personal injuries, Plaintiff sustained humiliation, shame, indignity and emotional and physical distress and injury all to his damage in the sum of Five Million Dollars.

34.    The assault and battering of Plaintiff was wanton, willful and malicious and Plaintiff is entitled to an award of punitive damages in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

35. Plaintiff repeats and realleges Paragraphs "1" through "34" as if fully set forth..

36. P.O. Galia commenced criminal proceedings against Plaintiff without probable cause and with actual malice for the purpose of attempting to justify his intentional assault and battery upon the Plaintiff and said criminal proceedings terminated in Plaintiff's favor.

37. At the time of the malicious prosecution of the Plaintiff, P.O. Galia was acting within the scope of his employment and under color of law.

38. As a result of the malicious prosecution of the Plaintiff by P.O. Galia, Plaintiff sustained humiliation, shame, indignity and emotional and physical distress and injury all to his damage in the sum of Five Million Dollars.

39. The prosecution of Plaintiff was wanton willful and malicious and Plaintiff is entitled to an award of punitive damages in an amount to be determined upon the trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983

40. Plaintiff repeats and realleges Paragraphs "1" through "39" as if fully set forth..

41. P.O. Galia, acting under color of law and within the scope of his authority assaulted and battered the Plaintiff in violation of 42 U.S.C. § 1983.

42. The intentional beating of Plaintiff by P.O. Galia when Plaintiff was

unarmed, did not pose a threat of grievous bodily injury to P.O. Galia or others, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the Constitutional and statutory civil rights of the Plaintiff.

43. The malicious prosecution of Plaintiff by P.O. Galia deprived Plaintiff of his civil rights in violation of 42 U.S.C. § 1983.

44. The deprivation by P.O. Galia of Plaintiff's civil rights was a result of P.O. Galia acting under color of law and within his authority as a law enforcement officer within the employ of NYC and NYPD.

45. P.O. Galia's actions were not privileged or immune when he assaulted, battered and maliciously prosecuted the Plaintiff.

46. As a result of the violation of Plaintiff's rights under 42 U.S.C. § 1983, he has been damaged in the sum of Five Million Dollars.

47. The violation of Plaintiff's civil rights by defendants was wanton willful and malicious and Plaintiff is entitled to an award of punitive damages in an amount to be determined upon the trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, TRAINING AND RETENTION

48. Plaintiff repeats and realleges Paragraphs "1" through "47" as if fully set forth..

49. Defendant NYPD was responsible for hiring and training police officers, including P.O. Galia herein, who are competent and capable of properly carrying out their jobs without causing injury to persons, including plaintiff herein.

50. Defendant NYPD was negligent, reckless and careless in the hiring, training and retention of P.O. Galia.

51. NYPD negligently recklessly and carelessly failed to investigate and determine whether P.O. Galia was capable and competent to carry out his job without causing injury to persons, including the Plaintiff herein.

52. Upon information and belief, prior to the incident at issue in this action, P.O. Galia had exhibited behavior indicating that he was unable to perform his duty as a police officer in a capable and competent manner.

53. As a result of the negligence, recklessness and carelessness of NYPD in the hiring, training and retention of P.O. Galia, Plaintiff was caused to sustain serious personal injury, emotional anguish and deprivation of his civil rights and has been damaged in the amount of Five Million Dollars.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

54. Plaintiff repeats and realleges Paragraphs "1" through "53" as if fully set forth..

55. Prior to July 26, 2006, NYC and NYPD permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal use of unreasonable and excessive force against minorities by officers of NYPD.

56. Although such conduct was improper, the officer involved were not disciplined, restrained or prosecuted.

57. As a result, officers of NYPD were caused and encouraged to believe that the

use of excessive force upon minorities would be permitted and tolerated by NYC and NYPD.

58.     In addition to permitting a pattern and practice of improper and excessive use of force against minorities, NYC and NYPD have failed to maintain a proper system for the investigation of allegations and incidents of such excessive force.

59.     Upon information and belief, systemic flaws included, but are not limited to, failing to credit testimony of non-police officer witnesses and uncritically relying on reports prepared by police officers involved in the incident.

60.     The foregoing acts, omissions, systemic flaws, policies and customs of NYC and NYPD caused their police officers to believe that the use of excessive force would not be aggressively, honestly and properly investigated, with the foreseeable result that police officers would be more likely to engage in such behavior.

61.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of NYC and NYPD, Defendants violated Plaintiff's civil rights.

62.     As a result of the above, Plaintiff was caused to suffer serious personal injuries all to his damage in the amount of Five Million Dollars.

63.     The violation of Plaintiff's civil rights by defendants was wanton willful and malicious and Plaintiff is entitled to an award of punitive damages in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff demands judgment against defendants, who are jointly and severally liable, in the sum of Five Million Dollars on each of the FIRST through FIFTH causes of action, punitive damages in an amount to be determined upon the trial of this action on each of the FIRST, SECOND, THIRD, and FIFTH causes of action, reasonable

attorneys fees pursuant to 42 U.S.C. § 1988(b), the costs and disbursements of this action and such other and further relief as this Court deems to be just and proper.

Dated: New York, New York
       June 25, 2007

                                      Kahn Gordon Timko & Rodriques, P.C.

                                      By: _____
                                            Nicholas I. Timko (NIT 2484)
                                      Attorneys for Plaintiff
                                      20 Vesey Street - 3rd Floor
                                      New York, New York 10007
                                      (212) 233-2040
                                      E-Mail: nitimko@kgtrpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DJEBY SIDIBE,

                       Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT and P.O.
FRANK GALIA,

                       Defendants.
------------------------------------------------------------x

## SUMMONS and COMPLAINT

KAHN GORDON TIMKO & RODRIQUES
Attorneys for Plaintiff Djeby Sidibe
20 Vesey Street - 3rd Floor
New York, New York 10007
(212) 233-2040