UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DJEBY SIDIBE,

                            Plaintiff,

               -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPT. and P.O. FRANK GALIA,

                      Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 6028 (SAS)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and Police Officer Frank Galia,[1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows.

        1.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.       Admit the allegations set forth in paragraph "2" of the complaint.

        3.       Deny the allegations set forth in paragraph "3" of the complaint, except admit that the City of New York maintains a police department.

        4.       Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code for a full and complete statement of the relationship between the City of New York and the New York City Police Department.

---

[1] On information and belief, the New York City Police Department ("NYPD"), which plaintiff purports to name as a defendant, has not yet been served with a copy of the summons and complaint in this action.  Defendants nonetheless maintain that the NYPD is not a suable entity.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that Frank Galia, Shield No. 24153, is employed as an NYPD police officer.

6.      The allegations set forth in paragraph "6" of the complaint constitute conclusions of law rather than averments of fact to which no response is required.

7.      Deny the allegations set forth in paragraph "7" of the complaint except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to base venue as stated therein.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a notice of claim was received by the New York City Comptroller's Office on or about September 11, 2006.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that no payment has been made.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     The allegations set forth in paragraph "15" of the complaint constitute conclusions of law rather than averments of fact to which no response is required.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff is a licensed New York City taxi operator, and admit that plaintiff was stopped in the vicinity of West 54th Street and 8th Avenue.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint, and refer the Court and parties to the summons for a complete statement of its contents.

23.    Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was treated at St. Luke's Roosevelt Hospital.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint except refer the Court and parties to the summons and envelope for a complete statement of its contents.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that the return date on the summons was September 25, 2006, and that the court found that the summons was not a "legally acceptable accusatory instrument."

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     The allegations set forth in paragraph "31" of the complaint constitute conclusions of law rather than averments of fact to which no response is required.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     The allegations set forth in paragraph "37" of the complaint constitute conclusions of law rather than averments of fact to which no response is required.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

49.     The allegations set forth in paragraph "49" constitute conclusions of law rather than averments of fact to which no response is required.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.     Defendant Galia has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.     The actions of any police officers involved were justified by probable cause.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.     Plaintiff provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.     Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75.     Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76.     The New York City Police Department is not a suable entity.

**WHEREFORE,** defendants City of New York and Police Officer Frank Galia request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                September 11, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants City and Galia
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0971


                                        By:          /s/
                                                _____
                                                Anna Nguyen (AN 6973)
                                                Assistant Corporation Counsel
                                                Special Federal Litigation Division



To:     By ECF and First Class Mail
        Nicholas Timko, Esq.
        Kahn Gordon Timko & Rodrigues, P.C.
        Attorneys for Plaintiff
        20 Vesey Street, 3rd Floor
        New York, New York 10007

Index No.  07 Civ. 6028 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DJEBY SIDIBE,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPT. and P.O. FRANK GALIA,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York
and Police Officer Galia
100 Church Street
New York, N.Y.  10007


*Of Counsel:  Anna Nguyen*
*Tel:  (212) 788-0971*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200…..*

*................................................................... Esq.*

*Attorney for ...................................................................*